IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOEL GALARZA, Individually and on Behalf of All Others Similarly Situated, | § § § § | CIVIL ACTION NO. 1:20-cv-00808-RP |
| Plaintiff, | § § | |
| VS. | § § | COLLECTIVE ACTION |
| ONE CALL CLAIMS, LLC, KRISTI SMOOT, KELLY SMOOT, and TEXAS WINDSTORM INSURANCE ASSOCIATION, | § § § § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**PLAINTIFFS' SUR-REPLY REGARDING DEFENDANT
TWIA'S MOTION TO DISMISS WITHOUT PREJUDICE
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Despite filing a Reply that was substantially longer than its original Motion and greatly expands its arguments, Defendant Texas Windstorm Association's ("TWIA") Motion to Dismiss Without Prejudice or, in the Alternative, Motion to Transfer Venue should be denied.

**I.      *PERRY* DOES NOT TRUMP *LUCKE* AND *CHEBOTNIKOV*.**

TWIA goes to great lengths to argue *Perry* should trump *Lucke* and *Chebotnikov*. These efforts are futile because *Perry* does not address the two core issues present in this case: the abridgement/waiver of Galarza's FLSA rights and the fact Galarza was classified as an independent contractor, not an employee. *See* TWIA's Reply at 2-4, §§6-12. The only case to address Galarza's FLSA rights is *Perry* (where the plaintiff was classified as an employee with an employment agreement). The only case to address this situation in the context of an independent contractor agreement is *Chebotnikov*. TWIA's Motion should be denied.

## II. THE FSC DOES NOT APPLY TO ALL EMPLOYMENT MATTERS.

TWIA's position ignores the fact the forum selection clause ("FSC") begins "This Agreement shall be governed by the laws of the State of Alabama." *See TWIA's* Reply at 2, §2. The second sentence, which TWIA focuses on (relating to exclusive jurisdiction), refers back to the first as it pertains to "this Agreement." There is no need to use these words again.

The FSC in this case does not apply to claims beyond those arising out of the Independent Contractor Agreement. Galarza was misclassified as an independent contractor and not paid overtime under the FLSA for any weeks in which he worked over 40 hours. His claim for unpaid overtime cannot, by definition, arise out of the Agreement because the One Call Defendants never intended to treat Galarza as an employee or pay him (or the putative class) overtime.

To the extent TWIA claims the FSC is, despite its language, intended to apply to all employment matters, this constitutes an ambiguity which the Court must construe against Defendants, the drafters of the contract. *See Lucke v. Municipal Accts & Consulting, L.P.,* 2011 U.S. Dist. LEXIS 166389, at *5 n. 2 (W.D. Tex. Mar. 23, 2011) (citing *Keaty v. Freeport Indon., Inc.*, 503 F.2d 955, 957 (5th Cir. 1974)) (any ambiguity in a forum-selection clause must be construed against the drafter). TWIA's Motion should be denied.

## III. FLSA CLAIM DOES NOT RELATE TO THE CONTRACTOR AGREEMENT.

TWIA also lists allegations made by Galarza in his Complaint to try and tie his FLSA claim to the Independent Contractor Agreement. *See* TWIA's Reply at 5, §13. This also fails, because the fact his claim and the Independent Contractor Agreement may both concern the conditions of his work in a general sense (i.e., scope of services for the One Call Defendants, assignment location, compensation, etc.) does not mean the claims relate to the Agreement within the context of the FSC. *See Lucke*, 2011 U.S. Dist. LEXIS 166389, at *5; *see also Chebotnikov v. LimoLink,*

*Inc.*, 150 F. Supp. 3d 128, 131 (D. Mass. 2015) (holding suits to recover payments due under the FLSA, such as overtime payments, are not dependent on the plaintiff's employment agreement) *(quoting Pacheco v. St. Luke's Emergency Associates, P.C.*, 879 F. Supp. 2d 136, 141 (D. Mass. 2012)).

### IV. *GRIGSON* SUPPORTS TWIA – IF IT IS GALARZA'S JOINT EMPLOYER.

Finally, TWIA claims *Grigson* allows it to enforce the FSC in the Independent Contractor Agreement between Galarza and the One Call Defendants. *See* TWIA's Reply at 7, §16. But *Grigson* (which dealt with an arbitration clause) only says this is alright, alright, alright if TWIA's conduct is so intertwined with the Independent Contractor Agreement that the FSC should be given effect. *Grigson v. Creative Arts Agency, L.L.C.*, 210 F.3d 524, 528-29 (5th Cir. 2000). In this case, it essentially means admitting it is Galarza's joint employer.

### V. CONCLUSION/PRAYER.

Plaintiff respectfully requests that the Court deny TWIA's Motion to Dismiss Without Prejudice or in the Alternative, Motion to Transfer Venue. In addition, Plaintiff requests the Court deny TWIA's Motion because the Independent Contractor Agreement lacks a valid and enforceable forum-selection clause, and TWIA has failed to meet its burden to demonstrate that the public and private-interest factors weigh in favor of transfer. Plaintiff further requests that this action remain in the Western District of Texas – Austin Division.

RESPECTFULLY SUBMITTED,

*/s/ Michael A. Starzyk.*
**Michael A. Starzyk**
Texas Bar No. 00788461
Federal ID No. 16926
mstarzyk@starzyklaw.com
**STARZYK & ASSOCIATES, P.C.**
8665 New Trails, Suite 160
The Woodlands, Texas 77381
Telephone: (281) 364-7261
Facsimile: (281) 364-7533

**COUNSEL FOR PLAINTIFF JOEL GALARZA AND ALL OTHERS SIMILARLY SITUATED**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served in accordance with the Court's electronic filing procedures, on this the 5th day of October 2020, to the following:

Jason S. Boulette
jason@boulettegolden.com
Gilbert O. Nwaopara
gilbert@boulettegolden.com
BOULETTE GOLDEN & MARTIN L.L.P.
2801 Via Fortuna, Suite 530
Austin, TX 78746

W. Jackson Wisdom
wisdom@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1100
Houston, TX 77002

*/s/ Michael A. Starzyk.*
**Michael A. Starzyk**